CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 16 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARY ANN DEAL, ) | Civil Action No. 7:05CV00628 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Mary Ann Deal, was born on November 28, 1963, and eventually completed her high school education. Mrs. Deal has worked as a cook, cashier, textile inspector, presser, wood packer, machine operator, and assembler. She last worked on a regular and sustained basis in 1999. On April 14, 2003, Mrs. Deal filed applications for disability insurance benefits and supplemental security income benefits. Earlier claims for such benefits had proven unsuccessful. In filing her more recent

applications, plaintiff alleged that she became disabled for all forms of substantial gainful employment in 1999 due to fibromyalgia, pruritis, depression, asthma, bone deterioration, and hiatal hernia. She later amended her application to reflect an alleged disability onset date of February 28, 2001. (TR 29). Mrs. Deal now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the second quarter of 2003, but not thereafter. See, gen., 42 U.S.C. §§ 414 and 423. Consequently, Mrs. Deal is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before June 30, 2003. See gen., 42 U.S.C. § 423.

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 28, 2005, the Law Judge also concluded that Mrs. Deal is not disabled. The Law Judge found that plaintiff suffers from severe impairments on the basis of fibromyalgia and depression. Despite these impairments, the Law Judge ruled that plaintiff retains sufficient functional capacity to return to her past relevant work roles as a machine operator in a furniture factory, inspector, presser, and assembler. Accordingly, the Law Judge ultimately concluded that Mrs. Deal is not disabled, and that she is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Deal has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in

2

Case 7:05-cv-00628-GEC   Document 17   Filed 05/16/06   Page 2 of 6   Pageid#: 57

making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The record confirms that Mrs. Deal suffers from a variety of physical and emotional impairments, including fibromyalgia, pruritis, asthma, hiatal hernia, sleep apnea, chronic pain symptoms, and major depression with psychotic elements. However, the court believes that the Administrative Law Judge properly reviewed the medical record and concluded that plaintiff's physical impairments are not so severe and debilitating as to prevent performance of several of her past relevant work roles. Simply stated, no doctor has documented the existence of any physical condition which could be expected to prevent performance of lighter work activities. No doctor has suggested that plaintiff's physical problems are disabling in overall severity. The court concludes that the medical record fully supports the Law Judge's finding that Mrs. Deal's physical problems are not so severe as to constitute or contribute to an overall disability.

Mrs. Deal's emotional problems present a somewhat closer question. It seems that plaintiff has suffered from depression for many years. She has sought treatment from the local mental health clinic, and has been evaluated by several mental health specialists. Mrs. Deal has taken medication for several years in an attempt to control her depressive symptomatology with occasional psychotic features. However, the court believes that the evidence supports the Law Judge's finding that plaintiff's emotional symptomatology is not so severe as to prevent performance of simple, nonstressful work activity that does not require contact with the general public.

3

In evaluating plaintiff's nonexertional impairments, the Law Judge relied on testimony from Dr. Marshall Tessnear, a clinical psychologist who appeared at the administrative hearing as a medical expert. Dr. Tessnear essentially testified that plaintiff experiences a moderate degree of emotional impairment. (TR 47). He went on to indicate that the medical record suggests that Mrs. Deal's capacity to interact with the general public is markedly limited. (TR 48). Considering all of the physical limitations reasonably documented by the medical record, as well as the nonexertional limitations identified by Dr. Tessnear, a vocational expert testified at the administrative hearing that Mrs. Deal could be expected to perform most of her prior work roles, excepting the jobs of lumber packer, which was too heavy, and cashier, which required exposure to the general public. (TR 54). The court believes that the Administrative Law Judge reasonably relied on the testimony of the medical expert and vocational expert in concluding that plaintiff retains sufficient functional capacity to perform several of her past relevant work roles.

On appeal to this court, Mrs. Deal argues that a consultative psychological report, completed by Dr. Belinda Overstreet on August 29, 2003 at the behest of the state disability agency, establishes a much greater level of emotional dysfunction than was found by the Administrative Law Judge. While the court agrees that Dr. Overstreet was somewhat more pessimistic in her evaluation of plaintiff's capacity for work than was Dr. Tessnear, the court does not believe that Dr. Overstreet's evaluation establishes plaintiff's disability.

Dr. Overstreet offered essentially unremarkable clinical findings. (TR 247). The psychologist diagnosed major depressive episode, generalized anxiety disorder, and chronic pain on the basis of fibromyalgia. The psychologist went on to offer the following assessment and prognosis:

> Prognosis
> Ms. Deal's prognosis is fair. Without appropriate psychiatric and psychological treatment this longstanding history of mood disorder and anxiety is likely to continue

4

> and perhaps worsen as she ages. With appropriate treatment, Ms. Deal has a fair likelihood of decreasing psychiatric symptoms such that those symptoms do not interfere with her ability to work. Even with such treatment, her recovery would be likely to take some time.
>
> Competency to Manage Funds
> Ms. Deal has been managing her funds and appears to continue to do so.
>
> Functional Information
> Ms. Deal is able to understand, remember, and carry out simple instructions. However, she is likely to need written reminders regarding complex and detailed instructions due to concentration impairment. Her judgment is adequate. Ms. Deal is able to function independently and can understand work rules. Ms. Deal is presently withdrawn from others which impairs her ability to work cooperatively with others. She is able to be appropriately supervised. Ms. Deal's ability to work with the public is impaired by her mood disorder and anxiety disorder.
>
> Ms. Deal reports difficulty maintaining her personal appearance. Her ability to behave in an emotionally stable manner appears impaired. Her symptoms are likely to result in frequent absences or tardiness. The stressors of a typical work environment are likely to worsen her psychiatric symptoms and further impair her level of functioning. (TR 249).

The court does not believe that Dr. Overstreet's report establishes that Mrs. Deal is unable to perform nonstressful work activities which do not involve exposure to the general public. Indeed, Dr. Overstreet did not indicate that plaintiff is totally disabled. In any event, Dr. Tessnear was able to consider Dr. Overstreet's findings in making his overall assessment at the administrative hearing. The court specifically finds that Dr. Tessnear's testimony offers substantial evidence in support of the Commissioner's disposition in this case.

In summary, the court believes that the final decision of the Commissioner denying plaintiff's entitlement to disability insurance benefits and supplemental security income benefits is supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. In affirming the Commissioner's final decision, the court does not suggest that Mrs. Deal is free of pain, discomfort, and depressive symptoms. Indeed, it is undisputed that plaintiff is

afflicted with fibromyalgia, and that she experiences the pain, achiness, weakness, and fatigue generally associated with this condition. Moreover, the record clearly establishes that plaintiff experiences depression, and that the associated symptoms have worsened probably as a result of inadequate medical control. On the other hand, it must again be noted that no physician or mental health specialist has suggested that Mrs. Deal is totally disabled. Indeed, most of the reports can be read to suggest that plaintiff possesses adequate residual functional capacity for many work activities. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, through his questioning of the medical expert and the vocational expert, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating the plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 15th day of May, 2006.

*[signature]*
United States District Judge

6